MARK ALBERT RIGAU (CA Bar Number 223610)
Senior Trial Counsel
Environmental Defense Section
Environment and Natural Resources Division
United States Department of Justice
301 Howard Street, Suite 1050
San Francisco, California 94105
Tel: (415) 744-6487
Tel: (415) 744-6476
E-mail: mark.rigau@usdoj.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALERT PROJECT/EARTH ISLAND INSTITUTE; ALASKA COMMUNITY ACTION ON TOXICS; COOK INLETKEEPER; CENTER FOR BIOLOGICAL DIVERSITY; ROSEMARY AHTUANGARUAK; AND KINDRA ARNESEN,<br><br>Plaintiffs,<br><br>vs.<br><br>ANDREW WHEELER, in his official capacity as Administrator of the United States Environmental Protection Agency; and the UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>Defendants. | Case No. 3:20-cv-00670-WHO<br><br>**DEFENDANTS' NOTICE OF MOTION TO DISMISS, MOTION, AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FIRST CAUSE OF ACTION**<br><br>**Hearing Date and Time:  May 6, 2020 at 2:00 p.m.**<br><br>**Location:  Courtroom 2 – 17th Floor, San Francisco Courthouse**<br><br>**NOTICE: Pursuant to General Order 72, all civil matters will be decided on the papers, unless the assigned judge determines a telephonic or videoconference hearing is necessary** |

**STATEMENT PURSUANT TO L.R. 7-2(b)**

PLEASE TAKE NOTICE that all above-captioned defendants will move for an Order of this Court dismissing plaintiffs' First Cause of Action.  Pursuant to Rule 7-2 of the Civil Local Rules for the United States District Court for the Northern District of California ("L.R.") and District Court Judge William H. Orrick's Standing Order, the hearing has been scheduled for May 6, 2020 in Courtroom 2 – 17th Floor, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102.  However, under General Order 72, all civil matters will be decided on the papers, unless the assigned judge determines a telephonic or videoconference hearing is necessary.  Responding papers, if any, must be served upon all defendants pursuant L.R. 7-3.

PLEASE TAKE FURTHER NOTICE that Defendants will move this Court for an Order of Dismissal for the First Cause of Action pursuant to Rules 12(b)(1) and, alternatively, 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") and the authorities cited in the Memorandum of Law that follows.  More specifically, Defendants seek an Order of this Court dismissing Plaintiffs' First Cause of Action for lack of subject matter jurisdiction or, alternatively, for failure to state a claim upon which this Court can grant relief.

PLEASE TAKE FUTHER NOTICE that Defendants submit the following in support of this Motion to Dismiss the First Cause of Action:  Statement Pursuant to L.R. 7-2(b), Notice of Motion, Motion to Dismiss the First Cause of Action, and Memorandum of Law (L.R. 7-4), and Proposed Order (submitted herewith as Attachment 1).

**INTRODUCTION**

Plaintiffs filed this action against Defendants, United States Environmental Protection Agency and Andrew Wheeler, in his official capacity as Administrator (jointly referred to as "EPA"), pursuant to the citizen suit provision of the Clean Water Act ("CWA"), 33 U.S.C. § 1365(a), and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702-06.  Plaintiffs assert two separate counts in the Complaint.  This motion is directed towards Plaintiffs' First Cause of Action, in which Plaintiffs contend that under the CWA citizen suit provision, 33 U.S.C. § 1365(a), this Court should compel EPA to modify or amend the National Contingency Plan ("NCP"), 40 C.F.R. pt. 300, promulgated by EPA pursuant to CWA section 311(d), 33 U.S.C. § 1321(d).

The citizen suit provision, 33 U.S.C. § 1365(a)(2), authorizes actions to compel EPA to perform nondiscretionary duties imposed by the CWA.  Plaintiffs' First Cause of Action should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because the CWA does not impose a mandatory duty on EPA to amend or modify the NCP.  The Act imposes "'a nondiscretionary duty . . . only when [its] provision[s] set [ ] bright-line, date-specific deadlines for specified action.'"  *Defenders of Wildlife v. Jackson*, Civil Action No. 10-1915-RWR, 2012 WL 896141, at *4 (D.D.C. Mar. 18, 2012) (quoting *Raymond Proffitt Found. v. EPA*, 930 F. Supp. 1088, 1098 (E.D. Pa.1996)).  Because the CWA does not impose any specific deadlines for promulgation or revision of the NCP, including Subpart J, Plaintiffs cannot demonstrate federal jurisdiction over the First Cause of Action.

Alternatively, the First Cause of Action should be dismissed for failure to state a claim upon which relief can be granted.  Here, Plaintiffs have not and cannot identify a nondiscretionary duty under the CWA that EPA has failed to perform.  The First Cause of Action should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  *See Sierra Club v. Jackson*, 648 F.3d 848, 853 (D.C. Cir. 2011).

//
//
//

# BACKGROUND

## A. THE CLEAN WATER ACT

The Clean Water Act establishes a comprehensive program "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters" by reducing and eventually eliminating the discharge of pollutants into those waters. 33 U.S.C. § 1251(a). Section 311 of the CWA, as amended by the Oil Pollution Act of 1990, focuses on the prevention of and response to oil spills and CWA listed hazardous substances. *See* 33 U.S.C. § 1321. Section 311(d)(1) provides that "[t]he President shall prepare and publish a National Contingency Plan for removal of oil and hazardous substances pursuant to this section." *Id.* § 1321(d)(1). "The National Contingency Plan shall provide for efficient, coordinated, and effective action to minimize damage from oil and hazardous substance discharges, including containment, dispersal, and removal of oil and hazardous substances." *Id.* § 1321(d)(2). Section 311(d)(3) states: "[EPA] may, from time to time, as [EPA] deems advisable, revise or otherwise amend the National Contingency Plan." *Id.* § 1321(d)(3). Section 505, 33 U.S.C. § 1365, provides a limited waiver of sovereign immunity for citizen suits alleging EPA's failure "to perform any act or duty under [the CWA] which is not discretionary." 33 U.S.C. § 1365(a)(2).

## B. THE FIRST CAUSE OF ACTION

In the First Cause of Action (Compl. ¶¶ 126-32), Plaintiffs allege that EPA has failed to perform a mandatory duty to update the NCP under 33 U.S.C. § 1321(d)(3). Plaintiffs rely upon the CWA's citizen provision, 33 U.S.C. § 1365(a)(2), which provides for actions to compel EPA to perform nondiscretionary duties imposed by the CWA. *See* Compl., ¶¶ 130-131.

# STANDARD OF REVIEW

In reviewing a Rule 12(b)(1) facial challenge to a court's subject matter jurisdiction, the court accepts all well-pleaded allegations in the complaint as true and views them in the light most favorable to the plaintiff. In such an attack, the challenger asserts that the complaint's allegations are insufficient on their face to invoke federal jurisdiction. Here, the First Cause of Action presents a question of law: Does EPA have a nondiscretionary duty under the CWA to amend or revise the NCP as set forth in the Complaint? *See, e.g., McKibben v. McMahon*, No.

EDCV 14-02171 JGB (SPx), 2015 WL 10382396, at *6 (C.D. Cal. Apr. 17, 2015) ("Whether an enactment is intended to impose a mandatory duty is a question of law.").

Alternatively, the question of whether a complaint has identified a nondiscretionary duty as required by the CWA citizen suit provision, 33 U.S.C. § 1365(a)(2), can be resolved through a motion to dismiss for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).  *See Sierra Club v. Jackson*, 648 F.3d at 853 (dismissing citizen suit under similar provision in the Clean Air Act, 42 U.S.C. § 7604(a)(2)).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted).

## ARGUMENT

**I.   THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE PLAINTIFFS' FIRST CAUSE OF ACTION.**

Plaintiffs' First Claim for Relief must be dismissed for lack of subject matter jurisdiction because Plaintiffs have failed to identify a statutory provision under the CWA that creates a nondiscretionary duty for EPA to revise the NCP.  Plaintiffs' claim is founded on the CWA citizen suit provision, which provides for any citizen to sue the EPA Administrator for failure to perform a non-discretionary duty required by the statute.  *See* Compl. ¶¶ 129-130, *citing* 33 U.S.C. § 1365(a)(2) (citizen suit provision) and § 1321(d)(3) (provision authorizing revision and amendment to the NCP).

When a plaintiff sues EPA for failure to perform an act or duty that is not discretionary, "the nondiscretionary nature of the duty must be clear-cut – that is, readily ascertainable from the statute allegedly giving rise to the duty." *WildEarth Guardians v. McCarthy,* 772 F.3d 1179, 1182 (9th Cir. 2014).  The agency's duty cannot exist "only [as] the product of a set of inferences based on the overall statutory scheme." *Our Children's Earth Found.*, 527 F.3d 842, 851 (9th Cir. 2008) (quoting *Sierra Club v. Thomas*, 828 F.2d 783, 791 (D.C. Cir. 1987)).  A nondiscretionary duty actionable under the citizen suit provision must be unequivocal*.  See WildEarth Guardians,* 772 F.3d at 1182*; see also, Dep't of Energy v. Ohio*, 503 U.S. 607, 615 (1992) (discussing specificity required for waiver of sovereign immunity).

Plaintiffs' allegation that EPA has a nondiscretionary duty to amend the NCP is refuted by the plain language of the Act. The CWA provides that EPA "*may*, from time to time, *as the [Administrator] deems advisable*, revise or otherwise amend the [NCP]." 33 U.S.C. § 1321(d)(3) (emphasis added). Thus, the statute specifically provides that revisions and amendments to the NCP are initiated at the discretion of the agency. Clearly, EPA is not required to take a specific action by a date-certain deadline, as necessary to constitute a nondiscretionary duty. *See Sierra Club v. Thomas*, 828 F.2d 783, 791 (D.C. Cir. 1987) ("In order to impose a clear-cut nondiscretionary duty, we believe that a duty of timeliness must 'categorically mandate[e]' that *all* specified action be taken by a date-certain deadline."); *see also Murray Energy Corp. v. EPA*, 861 F.3d 529, 536 (4th Cir. 2017) (finding no nondiscretionary duty where statutory section in question "establishes no start-dates, deadlines, or any other time-related instructions").

The Supreme Court's decision in <u>National Association of Home Builders v. Defenders of Wildlife</u>, 551 U.S. 644 (2007), clarified what types of agency actions are discretionary. In <u>Home Builders</u>, the Court considered whether EPA had discretion in the decision to transfer permitting authority to state officials pursuant to CWA Section 402(b), 33 U.S.C. § 1342(b). <u>Id.</u> at 661-69. The Court stated that "Section 402(b) of the CWA provides, without qualification, that the EPA 'shall approve' a transfer application unless it determines that the State lacks adequate authority to perform the nine functions specified in the section." <u>Id.</u> at 661. The Court added that, "[b]y its terms, the statutory language is mandatory and the list exclusive; if the nine specified criteria are satisfied, the EPA does not have the discretion to deny a transfer application." <u>Id.</u>

In <u>Home Builders</u>, the Supreme Court stated that "[a]gency discretion presumes that an agency can exercise 'judgment' in connection with a particular action." <u>Id.</u> at 668 (citing <u>Citizens to Preserve Overton Park, Inc. v. Volpe</u>, 401 U.S. 402, 415-16 (1971)). The Court looked to the definition of "discretion" as "the power or right to decide or act according to one's own judgment; freedom of judgment or choice." <u>Id.</u> (citing Random House Dictionary of the English Language 411 (unabridged ed. 1967). As <u>Home Builders</u> makes clear, actions that

involve an agency's exercise of judgment, such as whether it is "advisable" to revise or amend the NCP, are necessarily discretionary.

Plaintiffs fail to allege a statutorily mandated, nondiscretionary duty imposed on EPA to amend the NCP, and thus their first claim must be dismissed for lack of subject matter jurisdiction.

## II. ALTERNATIVELY, PLAINTIFFS' FIRST CAUSE OF ACTION FAILS TO STATE A CLAIM FOR RELIEF UNDER THE CWA'S CITIZEN SUIT PROVISION BECAUSE PLAINTIFFS HAVE NOT IDENTIFIED A DISCRETE MANDATORY DUTY THAT EPA HAS FAILED TO PERFORM.

Plaintiffs allege that EPA has failed to perform a nondiscretionary duty to amend Subpart J of the NCP. *See,* Compl. ¶¶ 126-132. For the same reasons set forth above, Plaintiffs have failed to state a claim for relief under the CWA citizen suit provision, 33 U.S.C. § 1365(a)(2), because section 311(d)(3), 33 U.S.C. § 1321(d)(3), does not impose a "nondiscretionary duty" as that term has been construed by the courts. In *Sierra Club v. Thomas*, 828 F.2d 783 (D.C. Cir. 1987), the court, in considering a claim under the similar language of the citizen suit provision of the Clean Air Act explained:

> In order to impose a clear-cut nondiscretionary duty, we believe that a duty of timeliness must categorically mandate that all specified action be taken by a date-certain deadline. In such circumstances, the only question for the district court to answer is whether the agency failed to comply with that deadline.

*Id.* at 791 (internal quotation omitted) (emphasis in original). *See also American Lung Ass'n v. Reilly*, 962 F.2d 258, 263 (2d Cir. 1992); *Maine v. Thomas,* 874 F.2d 883, 888 (1st Cir. 1989).

Section 311(d)(3) does not establish a deadline for EPA to promulgate or revise the NCP. Section 311(d)(1) says that EPA must "prepare and publish" the NCP, which it has done. In addition, section 311(d)(3) provides that EPA "may, from time to time, as [EPA] deems advisable, revise or otherwise amend the [NCP]." The plain text of section 311(d)(3) expressly leaves the appropriateness and the timing of any such regulatory amendments or revisions to the Agency's discretion. Accordingly, because Plaintiffs cannot state a claim that EPA has a nondiscretionary duty to take the actions Plaintiffs seek to compel through their First Cause of

1  Action, that claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *See Sierra Club v.*
2  *Jackson,* 648 F.3d at 853.

## CONCLUSION

The First Cause of Action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction or, alternatively, under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Respectfully submitted this 31st day of March 2020.

By: /s/ *Mark Albert Rigau*
MARK ALBERT RIGAU
Senior Trial Counsel
Environmental Defense Section
Environment and Natural Resources Division
United States Department of Justice
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2020, the foregoing pleading was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon:

Claudia Polsky
Environmental Law Clinic
UC Berkeley School of Law
434 Boald Hall (North Addition)
Berkeley, CA 94720-7200
cpolsky@law.berkeley.edu

Kristen Monsell
Center for Biological Diversity
1212 Broadway, Suite 800
Oakland, CA 94612-1810
kmonsell@biologicaldiversity.org

*Attorneys for Plaintiffs*


  _/s/ Mark Albert Rigau_
 U.S. DEPARTMENT OF JUSTICE

Case No. 3:20-cv-00670-WHO
Defendants' Motion to Dismiss
First Cause of Action
8