MARK ALBERT RIGAU (CA Bar Number 223610)
Senior Trial Counsel
Environmental Defense Section
United States Department of Justice
301 Howard Street, Suite 1050
San Francisco, California 94105
Tel: (415) 744-6487
Tel: (415) 744-6476
E-mail: mark.rigau@usdoj.gov

Counsel for Defendants

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALERT PROJECT/EARTH ISLAND INSTITUTE; ALASKA COMMUNITY ACTION ON TOXICS; COOK INLETKEEPER; CENTER FOR BIOLOGICAL DIVERSITY; ROSEMARY AHTUANGARUAK; AND KINDRA ARNESEN,<br><br>          Plaintiffs,<br>vs.<br><br>ANDREW WHEELER, in his official capacity as Administrator of the United States Environmental Protection Agency; and the UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>          Defendants. | Case No. 3:20-cv-00670-WHO<br><br>**EPA'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS THE FIRST CAUSE OF ACTION**<br><br>Hearing Date and Time: May 6, 2020 at 2:00 p.m.<br><br>Location: Courtroom 2 – 17th Floor, San Francisco Courthouse<br><br>**NOTICE: Pursuant to General Order 72, all civil matters will be decided on the papers, unless the assigned judge determines a telephonic or videoconference hearing is necessary.** |

Defendants the United States Environmental Protection Agency and its Administrator (collectively, "EPA") respectfully submit this reply in support of their Motion to Dismiss Plaintiffs' First Cause of Action.  As explained in that Motion, the First Cause of Action should be dismissed for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim.  Plaintiffs' opposition ("Opp'n") is notable for its failure to address the primary rationale for dismissal presented in EPA's motion – that Plaintiffs cannot establish federal subject matter jurisdiction to support its citizen suit claim under the Clean Water Act ("CWA").  Rather than articulate a basis for jurisdiction, Plaintiffs spend much of their opposition discussing alleged facts and arguments relating to their Second Claim for Relief, an Administrative Procedure Act ("APA") claim of unreasonable delay.[1]  EPA reserves its right to address the merits of the Second Claim for Relief at the appropriate time.  This reply is directed to EPA's motion to dismiss Plaintiffs' CWA citizen suit claim.

## I. THE COURT SHOULD RESOLVE THE ISSUE RAISED IN EPA'S MOTION TO DISMISS

As an initial matter, Plaintiffs contend that the Court cannot dismiss the claim under Rule 12(b)(1) unless the allegations in the complaint are "frivolous" or "immaterial."  ECF No. 26, Opp'n 8:19-21.  Plaintiffs misstate the basis for EPA's motion; the agency is not challenging "federal question jurisdiction" under 28 U.S.C. 1331.  See ECF No. 26, Opp'n 8:8-9.  Rather, EPA moves to dismiss because there is no waiver of sovereign immunity, and thus no subject matter jurisdiction, where Plaintiffs cannot identify a nondiscretionary duty that forms the basis for its Clean Water Act citizen suit.

---

[1] In their summary, Plaintiffs fail to inform the Court that in November 2019 – over two months before Plaintiffs filed their complaint – notice of a proposed final action was published.  See https://www.epa.gov/newsreleases/epa-fall-2019-unified-agenda-and-regulatory-plan-underscores-commitment-strong (notice) and https://www.reginfo.gov/public/do/eAgendaMain?operation=OPERATION_GET_AGENCY_RULE_LIST&currentPubId=201910&showStage=longterm&agencyCd=2000&csrf_token=B317D67E55A2C88D471AF343F1F7A87D103E316472F673F68830CE34B6FB61D8BDD65F8CAC61DC562AF51AE3753F0A07A785 (See RIN 2050-AE87)(both last visited April 21, 2020).

EPA'S REPLY BRIEF
3:20-cv-00670-WHO
1

Plaintiffs further argue that the First Cause of Action cannot be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) because the motion "attacks the merits of Plaintiffs' claim rather than its jurisdictional basis." ECF No. 26, Opp'n 7:20-21. Indeed, Plaintiffs' opposition seeks to prevent the Court from considering the very statutory provision upon which Plaintiffs rely upon to invoke federal subject matter jurisdiction. However, courts in the Ninth Circuit routinely consider whether a plaintiff has identified a nondiscretionary duty – and thus met their burden to establish subject-matter jurisdiction – in the context of motion to dismiss. *See, e.g.*, *WildEarth Guardians v. McCarthy*, 772 F.3d 1179 (9th Cir. 2014) (upholding district court's dismissal for failure to identify a nondiscretionary duty on the part of agency); *Martin v. Olson*, 749 F. App'x 638 (9th Cir. 2019) (same); *Friends of the Wild Swan v. Director of U.S. Fish & Wildlife Service*, 745 F. App'x 718 (9th Cir. 2018) (same). Plaintiffs have not – and cannot – provide a reasoned basis for delaying a decision on the discrete legal issue raised in EPA's motion, *i.e.*, whether the "duty" Plaintiffs cite in their Complaint is a nondiscretionary action compelled by the CWA.[2]

Plaintiffs' reliance on *Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc.*, 711 F.2d 138, 140 (9th Cir. 1983), is misplaced. In *Sun Valley*, the district court had made a finding on a disputed factual issue – whether the parties were in a "franchise relationship" in deciding a motion to dismiss. *Id.* at 139. In reversing the district court, the Ninth Circuit stated "[j]urisdictional findings of genuinely disputed *facts* is inappropriate when 'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action." *Id.* (emphasis added, internal citations omitted). Here, the Court's evaluation of whether there is jurisdiction under the CWA is a matter of law and does not involve factual findings.

---

[2] It is true that, if the Court were to find that Plaintiffs have identified a nondiscretionary duty, EPA's liability would be clear since there is no dispute that EPA has not yet finalized a rulemaking process to amend the NCP. But that is no reason for the Court to withhold ruling on EPA's motion to dismiss.

Similarly, *Bell v. Hood*, 327 U.S. 678 (1946) offers no support to Plaintiffs' interpretation of the CWA. In *Bell*, the Supreme Court considered whether a complaint asserting common law trespass under state law could derive federal jurisdiction out of claims under the Constitution. *Id.* The Court explained that jurisdiction is not defeated "by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover," *id.* at 682, and concluded that the court must first exercise jurisdiction in order to determine whether the allegations in the complaint state a ground for relief. *Id.* In that event, the court determined dismissal of the case for failure to state a claim would be on the merits, not for want of jurisdiction. *Id.* Here, EPA's motion presents the alternative argument for dismissal for failure to state a claim under Rule 12(b)(6).

Neither *Sun Valley* nor *Bell* involved a motion to dismiss for failure to identify a nondiscretionary duty on the part of a governmental entity. And, as the case law in this Circuit makes abundantly clear, the Court can and should decide the issue in the context of a motion to dismiss.

## II. THE FIRST CAUSE OF ACTION MUST BE DISMISSED UNDER RULE 12(b)(1)

In cases brought against the United States, one condition on a federal court's exercise of subject matter jurisdiction is the existence of an applicable waiver of sovereign immunity. Without such a waiver, the United States, together with its agencies and its employees, may not be sued. *FDIC v. Meyer*, 510 U.S. 471-475 (1994). "Sovereign immunity is jurisdictional in nature." *Id.* at 475; *Mills v. United States*, 742 F.3d 400, 404 (9th Cir. 2014) ("Suits against the government are barred for lack of subject matter jurisdiction unless the government expressly and unequivocally waives its sovereign immunity"). Waivers of sovereign immunity must be strictly construed in the government's favor and must be unequivocally expressed in the statutory text. *Orff v. United States*, 545 U.S. 596, 601-02 (2005); *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999). Because only Congress can waive the government's sovereign immunity, a suit against the United Sates or its agencies or employees acting in their official capacity may proceed only in accordance with an applicable statutory waiver, including

such conditions on the waiver as Congress may impose. *United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Sherwood*, 312 U.S. 584, 586-88 (1941). Plaintiffs bear the burden of establishing federal jurisdiction. *Acres Bonusing, Inc, et al. v. Lester Marston, et al.*, *2020 WL 1877711, No.* 19-cv-05418-WHO at *4 (N.D. Cal. April 15, 2020), citing *Kokkonen v. Guardian Life Ins. Of Am.*, 511 U.S. 375, 377 (1994). The issue of whether the CWA imposes a mandatory duty on EPA to revise or amend the NCP is critical to Plaintiffs' claim to federal court jurisdiction.

In the First Cause of Action, Plaintiffs allege that the CWA citizen suit provision provides a statutory basis to invoke federal jurisdiction. *See* ECF No. 1, Compl. ¶¶ 129-131; 33 U.S.C. § 1365(a)(2) (authorizing suit "against the Administrator where there is an alleged a failure of the Administrator to perform any act or duty under this Act which is not discretionary with the Administrator"). Thus, the relevant CWA waiver of sovereign immunity is limited to claims where a plaintiff identifies a nondiscretionary duty on the part of the Administrator and alleges that the Administrator has failed to perform that duty. Plaintiffs allege that EPA has a nondiscretionary duty to amend the NCP under CWA section 311(d)(3), *see* ECF No. 1, Compl. ¶ 129 (alleging failure to update the NCP, as required under 33 U.S.C. § 1321(d)(3), constitutes a failure to perform a non-discretionary duty). However, Plaintiffs have failed to identify a clear-cut, readily ascertainable duty in the CWA. *See WildEarth Guardians*, 772 F.2d at 1182, citing *Our Children's Earth Found. v. EPA*, 527 F.3d 842, 851 (9th Cir. 2008).

Plaintiffs acknowledge that the CWA states, in relevant part: "[t]he President, *may*, *from time to time*, *as the President deems advisable*, revise or otherwise amend the [NCP]." 33 U.S.C. § 1321(d)(3) (emphasis added); *see* ECF No. 26, Opp'n at 12:17-20. The provision is replete with discretionary directives. The words "may," "from time to time," and "as the [Administrator] deems advisable" all demonstrate Congressional intent to provide EPA with discretion in determining whether and when to revised or amend the NCP. *See, e.g., Fleetwood Enterprises, Inc. v. U.S. Dept. of Housing and Urban Dev.*, 818 F.2d 1188, 1194 (5th Cir. 1987) (holding that the term "deems advisable" in the National Manufactured Housing

Construction and Safety Standards Act of 1974 provides the Secretary of HUD discretion in how to conduct hearings).

Although Plaintiffs cite CWA Section 311(d)(3) as the source of the nondiscretionary duty for their citizen suit, in their opposition they attempt to cobble together separate provisions of the CWA in their attempt to establish a mandatory duty to amend the NCP.  ECF No. 26, Opp'n 10:18-22 (arguing that inclusion of the term "shall" in 33 U.S.C. § 1321(d)(2) pertains to subsection (d)(3)).  As the Ninth Circuit has made clear, the agency's duty cannot exist "only [as] the product of a set of inferences based on the overall statutory scheme."  *Our Children's Earth Found.*, 527 F.3d 842, 851 (9th Cir. 2008) (quoting *Sierra Club v. Thomas*, 828 F.2d 783, 791 (D.C. Cir. 1987)).  Moreover, Plaintiffs' analysis is incorrect.  CWA Section 311(d), captioned "National Contingency Plan," has many discrete provisions.  For example, in Section 311(d)(1), Congress instructed that [EPA] "*shall* prepare and publish a [NCP]" and Section 311(d)(2) describes in detail the contents that the NCP "*shall*" include.  33 U.S.C. § 1321(d)(1), (2).  Section 311(d)(3), in contrast, expressly provides that EPA "*may*, *from time to time, as the [Administrator] deems advisable*" revise or amend the NCP.  33 U.S.C. § 1321(d)(3) (emphasis added).  Because Congress unambiguously provided EPA discretion under Section 311(d)(3), the Court must give effect to that express intent.  *See Ochoa-Amaya v. Gonzales*, 479 F.3d 989, 992 (9th Cir. 2007).

To the extent the Court concludes that there is any ambiguity as to whether there is a nondiscretionary duty on the part of EPA – which EPA submits there is not – the Court's inquiry ends and the First Cause of Action must be dismissed.  As the Ninth Circuit has repeatedly made clear, when a plaintiff sues the EPA Administrator for failure to perform a nondiscretionary act or duty set forth in a statute, "the nondiscretionary nature of the duty must be clear-cut—that is, readily ascertainable from the statute allegedly giving rise to the duty." *WildEarth Guardians*, 772 F.2d at 1182.  This Court "must be able to identify a 'specific, unequivocal command' from the text of the statute." *Id.* (internal citations omitted).  And Plaintiffs cannot be allowed to extrapolate a nondiscretionary duty based on an "amalgamation of disputed statutory provisions." *Our Children's Earth*, 527 F.3d at 851.  Where a court finds

ambiguity in a provision that is asserted as setting forth a nondiscretionary duty, the Court must dismiss for lack of subject-matter jurisdiction. *WildEarth Guardians,* 772 F.2d at 1182.

      Plaintiffs chide EPA for "neglecting" to cite *In re A Community Voice*, 878 F.3d 779 (9th Cir. 2017), in the agency's motion to dismiss. *See, e.g.,* ECF No. 26, Opp'n 11:4-5. Contrary to Plaintiffs' assertions, *Community Voice* has no bearing on the Court's analysis of EPA's motion to dismiss. That matter was before the Ninth Circuit on an appeal of the denial of an action seeking a writ of mandamus and involved a provision of the Toxic Substances Control Act ("TSCA"), not the CWA. In determining federal jurisdiction, the Ninth Circuit analyzed TSCA to determine whether the statute imposed a nondiscretionary duty on EPA to promulgate rules relating to lead-based paint. The court found that TSCA contained an "ongoing duty, authorizing EPA to amend any regulations when necessary," including amending the lead-based paint standards authorized by Congress.[3] *Id.* at 784. Central to the court's determination was the specific text of the statute that provided "[t]he regulations may be amended from time to time *as necessary*." *Id.*, citing 15 U.S.C. § 2683 (emphasis added). Here, the text of the CWA section at issue does not include the term "as necessary" and the statue is significantly and materially different than TSCA. Section 311(d)(3) expressly states that EPA "may, from time to time, as the [Administrator] deems advisable" revise or amend the NCP. 33 U.S.C. § 1321(d)(3).

      Under the CWA, Congress specifically used the term "shall" in directing the EPA to promulgate the NCP and as to the specific contents that were required, but used the terms "may" and "deems advisable" when specifying how and when amendments and revisions to the NCP should take place. *See supra,* 4:16-5:13 (discussing CWA sections 311(d)(1)-(3)); *see also Boise Cascade Corp. v. EPA*, 942 F.2d 1427, 1432 (9th Cir. 1991) (stating that the court "must interpret statutes as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statue inconsistent,

---

[3] Although EPA believes *Community Voice* was wrongly decided on several grounds, including for example, the reasons set forth in Judge Smith's dissent, *see* 878 F.3d at 788-793, the agency recognizes that it is binding Ninth Circuit law.

meaningless or superfluous"). Because Congress expressly provided EPA discretion to amend or revise the NCP under the CWA how and when the agency deems advisable, Plaintiffs' assertion of a nondiscretionary duty fails.

Plaintiffs have failed to establish federal subject matter jurisdiction for the First Cause of Action under the CWA and that count should be dismissed under Rule 12(b)(1).

## II. ALTERNATIVELY, THE FIRST CAUSE OF ACTION SHOULD BE DISMISSED UNDER RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM

For the same reasons set forth above, Plaintiffs have failed to state a claim for relief under the CWA citizen suit provision, 33 U.S.C. § 1365(a)(2), because section 311(d)(3), 33 U.S.C. § 1321(d)(3), does not impose a "nondiscretionary duty." Plaintiffs ignore the plain text of the statute and attempt to import other statutory provisions and alleged facts to avoid the dismissal for failure to state a claim. The Court should grant EPA's motion under Rule 12(b)(6) because a plain textual reading of Section 311(d)(3) does not impose a nondiscretionary duty on EPA. *See supra.* Plaintiffs have not and cannot allege facts that defeat the specific statutory directive provided by Congress. Accordingly, Plaintiffs cannot state a claim upon which relief can be granted and the First Cause of Action should be dismissed under Rule 12(b)(6).

## CONCLUSION

The First Cause of Action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction or, alternatively, under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Respectfully submitted this 21st day of April, 2020.

By:  /s/ *Mark Albert Rigau*
MARK ALBERT RIGAU
Senior Trial Counsel
Environmental Defense Section
United States Department of Justice
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

On April 21, 2020, the undersigned electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court for the Northern District of California, using the electronic case filing system of the Court. The undersigned hereby certifies that all counsel of record have been electronically served in accordance with Federal Rule of Civil Procedure 5(b)(2).

/s/ *Mark Albert Rigau*