Jeffrey M. Davidson (SBN 248620)
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA 94111-5356
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
Email: jdavidson@cov.com

Steven J. Rosenbaum (*pro hac vice*)
Bradley K. Ervin (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St. N.W.
Washington, D.C. 20001
Tel: (202) 662-5568
Fax: (202) 778-5568
srosenbaum@cov.com
bervin@cov.com

*Attorneys for Applicant for Intervention*
*American Petroleum Institute*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALERT PROJECT/EARTH ISLAND INSTITUTE; ALASKA COMMUNITY ACTION ON TOXICS; COOK INLETKEEPER; CENTER FOR BIOLOGICAL DIVERSITY; ROSEMARY AHTUANGARUAK; and KINDRA ARNESEN, <br><br> *Plaintiffs*, <br><br> v. <br><br> ANDREW WHEELER, in his official capacity as Administrator of the United States Environmental Protection Agency; and the ENVIRONMENTAL PROTECTION AGENCY, <br><br> *Defendants*. | Civil Case No. 3:20-CV-00670-WHO <br><br> **AMERICAN PETROLEUM INSTITUTE'S STATEMENT OF RECENT DECISION** <br><br> Date: May 13, 2020 <br> Time: 2:00 p.m. <br> Dept: San Francisco, Courtroom 2 <br> Hon. William H. Orrick <br><br> NOTICE: Pursuant to General Order 72, all civil matters will be decided on the papers, unless the assigned judge determines a telephonic or video conference hearing is necessary |

The American Petroleum Institute ("API") respectfully submits this statement of recent decision to apprise the Court of the recent Memorandum and Order in *WildEarth Guardians v. Bernhardt,* No. 20-cv-00056 (D.D.C. May 14, 2020) (ECF No. 27) (copy attached), which was issued yesterday, after briefing on API's motion to intervene in the instant lawsuit (ECF No. 23) was completed.

In that decision, the court granted API's motion to intervene in an environmental NGO lawsuit challenging the federal Government's approval of oil and gas leases on public lands in Colorado, Montana, New Mexico, Utah, and Wyoming. The Court held that API satisfied Fed. R. Civ. P. 24(a), stating that "the interest of a prospective defendant-intervenor may be impaired where a decision in the plaintiff's favor would return the issue to the administrative decisionmaking process, notwithstanding the prospective intervenor's ability to participate in formulating any revised rule or plan," slip op. at 4 (quotation omitted), and that "the Federal Defendants do not adequately represent API because API represents the interests of its specific members whereas the Federal Defendants must consider the interests of all the American people." *Id.*

Dated: May 15, 2020

Respectfully submitted,

/s/ Jeffrey M. Davidson

Steven J. Rosenbaum
 (*pro hac vice*)
Bradley K. Ervin
 (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St. N.W.
Washington, D.C. 20001
Tel: (202) 662-5568
Fax: (202) 778-5568
srosenbaum@cov.com
bervin@cov.com

Jeffrey M. Davidson (SBN 248620)
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA 94111-5356
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
Email: jdavidson@cov.com

*Attorneys for Applicant for Intervention American Petroleum Institute*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of May, 2020, I caused a true and correct copy of the foregoing to be filed with the Court electronically and served by the Court's CM/ECF System upon the following:

Claudia Polsky
Environmental Law Clinic
UC Berkeley School of Law
434 Boald Hall (North Addition)
Berkeley, CA 94720-7200
cpolsky@law.berkeley.edu

Kristen Monsell
Center for Biological Diversity
1212 Broadway, Suite 800
Oakland, CA 94612-1810
kmonsell@biologicaldiversity.org

*Counsel for Plaintiffs*

Mark Albert Rigau
Senior Trial Counsel
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
301 Howard Street, Suite 1050
San Francisco, CA 94105
Tel: (415) 744-6487
Fax: (415) 744-6476

*Counsel for Federal Defendants*

                                            */s/ Jeffrey M. Davidson*
                                             Jeffrey M. Davidson (SBN 248620)

# Exhibit

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| WILDEARTH GUARDIANS, *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 20-00056 (RC) |
| | : | | |
| v. | : | Re Document No.: | 23 |
| | : | | |
| DAVID BERNHARDT, Secretary, | : | | |
| U.S. Department of Interior, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM & ORDER

### GRANTING THE AMERICAN PETROLEUM INSTITUTE'S MOTION TO INTERVENE

### I.  INTRODUCTION

Plaintiffs in this matter challenge Defendants' approval of oil and gas leases on public lands in Colorado, Montana, New Mexico, Utah, and Wyoming.  *See* Compl. ¶ 1., ECF No. 1. Plaintiffs sued the Secretary of the United States Department of the Interior, the Director of the United States Bureau of Land Management, and the United States Bureau of Land Management—collectively, the Federal Defendants.  Plaintiffs allege that, in approving the leases, Defendants violated the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321–4370h, *see* Compl. ¶ 1, and seek, *inter alia*, an order vacating "all of the leases issued pursuant to the [challenged] leasing authorizations."  Compl. ¶ C.

The American Petroleum Institute ("API") moves to intervene as a defendant.  API's Mot. Intervene, ECF No. 23.  API is a "national trade association of the oil and natural gas industry, representing more than 600 companies involved in all aspects of that industry."  *Id.* at

2. No existing parties oppose the intervention. For the reasons set forth below, the Court grants API's motion to intervene as a matter of right.[1]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 24(a) provides that

> [o]n timely motion, the court must permit anyone to intervene who: claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2); *see also Roane v. Leonhart*, 741 F.3d 147, 151 (D.C. Cir. 2014) ("A district court must grant a timely motion to intervene that seeks to protect an interest that might be impaired by the action and that is not adequately represented by the parties."). According to the D.C. Circuit, Rule 24(a) requires four distinct elements to be satisfied where a party seeks to intervene as a matter of right: "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests." *Karsner v. Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008) (internal quotation marks omitted).[2]

## III. ANALYSIS

### A. Intervention as a Matter of Right

Turning to the first element, to determine if a motion is timely, "courts should take into account (a) the time elapsed since the inception of the action, (b) the probability of prejudice to

---

[1] Because the Court finds that API may intervene as of right, it does not reach its arguments for permissive intervention under Rule 24(b)(1)(B). *See* API's Mot. Intervene at 12.

[2] While intervenors must demonstrate Article III standing, *see Deutsche Bank Nat. Trust Co. v. FDCI*, 717 F.3d 189, 193 (D.C. Cir. 2013), a putative "intervenor who satisfies Rule 24(a) will also have Article III standing." *Akiachak Native Cmty. v. U.S. Dep't of Interior*, 584 F. Supp. 2d 1, 7 (D.D.C. 2008). Thus, the Court does not separately analyze API's standing.

2

those already party to the proceedings, (c) the purpose for which intervention is sought, and (d) the need for intervention as a means for preserving the putative intervenor's rights." *WildEarth Guardians v. Salazar*, 272 F.R.D. 4, 12 (D.D.C. 2010).  API moved to intervene approximately sixteen weeks after the initial complaint was filed.  The Court has yet to enter a scheduling order and the Federal Defendants have not filed an Answer.  No party argues that API's participation would be prejudicial and no party has opposed the intervention.  There is no indication of potential prejudice and, therefore, the Court concludes that intervention by the movant is timely.  *See WildEarth Guardians v. Jewell*, 320 F.R.D. 1, 3 (D.D.C. 2017); *Roane*, 741 F.3d at 152 ("[I]n the absence of any indication that [the applicant's] intervention would give rise to . . . prejudice, [the applicant's] motion was timely. . . ."); *see also WildEarth*, 272 F.R.D. at 14; *Karsner*, 532 F.3d at 886.

With respect to elements two and three, the "putative intervenor must have a legally protected interest in the action," *WildEarth*, 320 F.R.D. at 3 (quoting *WildEarth*, 272 F.R.D. at 12), and the action must impair the putative intervenor's proffered interest in the action, *Karsner*, 532 F.3d at 885.  Where an agency's "decision below was favorable to [the proposed intervenor], and the present action is a direct attack on that action," this Court has found that the action threatens to impair the intervenor's protected interests.  *WildEarth*, 272 F.R.D. at 14; *see also Cnty. Of San Miguel v. MacDonald*, 244 F.R.D. 36, 44 (D.D.C. 2007).  Members of API "include leaseholders that have expended significant sums to obtain leases" and "[a]t least one API member holds leases directly challenged by Plaintiffs in this action."  API's Mot. Intervene at 5.  If the Federal Defendants are enjoined from issuing permits to drill on existing leases, these interests would be impaired.  Moreover, Plaintiffs have not suggested that API does not have an interest in the outcome of this case.  Therefore, the Court finds that API satisfies elements two

3

and three. *See WildEarth Guardians v. National Park Service*, 604 F.3d 1192, 1199 (10th Cir. 2010) (recognizing that "the interest of a prospective defendant-intervenor may be impaired where a decision in the plaintiff's favor would return the issue to the administrative decision-making process, notwithstanding the prospective intervenor's ability to participate in formulating any revised rule or plan"); *see also Cnty. Of San Miguel*, 244 F.R.D. at 44.

Finally, API must show that existing parties do not adequately represent its interests, *see Karsner*, 532 F.3d at 885, but this burden is minimal. *Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003). Generally, the government does not adequately represent the interests of an intervenor because the government has an obligation to represent the interests of all its citizens while an intervenor's interests are often more specific. *See id.* at 736–37. In this case, the Federal Defendants do not adequately represent API because API represents the interests of its specific members whereas the Federal Defendants must consider the interests of all the American people. Plaintiffs do not argue that the Federal Defendants would adequately represent API. Accordingly, the Court finds that API satisfies the fourth element.

Because API satisfies the requirements of Federal Rule of Civil Procedure 24(a), the Court must permit it to intervene and will grant the motion for intervention as a matter of right.

### IV. CONCLUSION

For the foregoing reasons, the American Petroleum Institute's motion to intervene is hereby **GRANTED**.

It is **FURTHER ORDERED** that the caption in this case is amended to reflect the same.

It is **FURTHER ORDERED** that the American Petroleum Institute's proposed Answer attached to its Motion to Intervene, ECF No. 23-1, is hereby accepted as filed.

**SO ORDERED**.

4

Dated:  May 14, 2020
                                                                                RUDOLPH CONTRERAS
                                                                                United States District Judge