MARK ALBERT RIGAU (CA Bar Number 223610)
Senior Trial Counsel
Environmental Defense Section
Environment and Natural Resources Division
United States Department of Justice
301 Howard Street, Suite 1050
San Francisco, California 94105
Tel: (415) 744-6487
Tel: (415) 744-6476
E-mail: mark.rigau@usdoj.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALERT PROJECT/EARTH ISLAND INSTITUTE; ALASKA COMMUNITY ACTION ON TOXICS; COOK INLETKEEPER; CENTER FOR BIOLOGICAL DIVERSITY; ROSEMARY AHTUANGARUAK; AND KINDRA ARNESEN, <br><br> Plaintiffs, <br><br> vs. <br><br> ANDREW WHEELER, in his official capacity as Administrator of the United States Environmental Protection Agency; and the UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, <br><br> Defendants. | Case No. 3:20-cv-00670-WHO <br><br> **EPA'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER DENYING EPA'S MOTION TO DISMISS FIRST CAUSE OF ACTION AND [PROPOSED] ORDER** <br><br> Action Filed: January 30, 2020 <br><br> Re: Local Rule 7-9 |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Northern District of California Civil Local Rule 7-9, Defendants the United States Environmental Protection Agency and its Administrator, Andrew R. Wheeler (collectively, "EPA") hereby move this Court for an order granting leave to file a motion for reconsideration of the Court's June 2, 2020 Order, Dkt. No. 42, in which the Court denied EPA's Motion to Dismiss [Plaintiffs'] First Cause of Action, Dkt. No. 16. This Motion is based on all of the records and files herein. A Proposed Order granting the Motion for Leave is attached.

## INTRODUCTION

Pursuant to Local Rule 7-9, EPA respectfully moves the Court for leave to seek reconsideration of the Court's June 2, 2020 Order, Dkt. No. 42, in which the Court denied EPA's Motion to Dismiss [Plaintiffs'] First Cause of Action. This Court has the inherent authority to reconsider its prior rulings and should do so here because the Court did not address dispositive legal arguments raised by EPA. *Smith v. Clark Cty. School Dist.*, 727 F.3d 950, 955 (9th Cir. 2013); Local Rule 7-9(b)(3).

The Court did not address EPA's argument regarding the controlling language of the statute that Plaintiffs assert gives rise to a nondiscretionary duty that can be compelled via a Clean Water Act ("CWA") citizen suit. The provision in question, 33 U.S.C. § 1321(d)(3), states that EPA "may, from time to time, *as the [EPA Administrator] deems advisable*, review or otherwise amend the National Contingency Plan." In the Order denying EPA's Motion to Dismiss, the Court addressed the terms "may," "from time to time," and "advisable." *see* Order, Dkt. No. 42 at 7-8. But the Court did not grapple with the express language of the statute pertaining to the Administrator as a decision-maker. The Court's analysis thus failed to take into consideration EPA's dispositive legal argument that the plain language of the statute grants the Administrator the discretion to determine when and how the National Contingency Plan ("NCP") should be revised.

EPA respectfully submits that reconsideration is warranted, as there was "a manifest failure by the Court to consider . . . dispositive legal arguments which were presented to the Court before [the Court's June 2, 2020 Order ]. L.R. 7-9(b)(3).

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs have asserted two claims in this case. In the First Cause of Action (Compl. ¶¶ 126-32), Plaintiffs allege that EPA has failed to perform a mandatory duty to update the NCP under 33 U.S.C. § 1321(d)(3). Plaintiffs cite the Clean Water Act's citizen suit provision, 33 U.S.C. § 1365(a)(2), which authorizes judicial actions to compel EPA to perform nondiscretionary duties imposed by the Act. *See* Compl. ¶¶ 129-130. In the Second Cause of Action (Compl. ¶¶ 133-136), Plaintiffs allege that EPA's failure to issue a final rule or take final action on a 2015 petition to amend Subpart J violates 5 U.S.C. § 555(b) and that EPA actions "constitutes an agency action 'unlawfully withheld or unreasonably delayed.'" Compl. ¶ 135, citing 5 U.S.C. § 706(1).

EPA moved to dismiss the First Cause of Action because Plaintiffs have failed to identify a discrete, nondiscretionary duty on the part of EPA. Dkt. No. 16. As EPA explained:

> Plaintiffs' allegation that EPA has a nondiscretionary duty to amend the [National Contingency Plan] is refuted by the plain language of the Act. The CWA provides that EPA "*may*, from time to time, *as the [Administrator] deems advisable*, revise or otherwise amend the [NCP]." 33 U.S.C. § 1321(d)(3) (emphasis added). Thus, the statute specifically provides that revisions and amendments to the NCP are initiated at the discretion of the agency.

*Id*. at 5 (emphasis in motion). With respect to the text of Section 1321(d)(3), EPA focused on the terms "may," "from time to time," and "as the Administrator deems advisable." *Id*. at 5-6. In light of these express statutory terms, EPA argued that the plain text of section 311(d)(3) leaves the appropriateness and the timing of any such regulatory amendments or revisions to the Agency's discretion. *Id*. at 6.

In opposing EPA's motion, Plaintiffs devoted the majority of their argument to their position that the term "may" in Section 1321(d)(3) should be interpreted to mean "shall." *See*

1  Opp'n. Dkt. No. 26 at 2:12-3:2, 10:21-11:3, 14:11-16:11.  Plaintiffs also argued that the lack of
2  a specific date or time in Section 1321(d) was not dispositive.  *See id.* at 16:12-17:6.  With
3  respect to EPA's assertion that the language of the statute expressly confers discretion to
4  EPA's Administrator, "as the Administrator deems advisable," Plaintiffs did not dispute that
5  the statute confers discretion to the Administrator.  Rather, Plaintiffs avoided the argument,
6  and wrongly asserted that "EPA's Administrator" had in fact made a determination that the
7  NCP should be amended based on recommendations in an EPA Inspector General report.  *See*
8  *id.* at 13:16-21.

9        In EPA's reply, the agency noted in part that, in contrast to the other subsections of
10 Section 1321 that contained mandatory requirements, Section 1321(d)(3) specifically provides
11 that EPA "*may, from time to time, as the [Administrator] deems advisable*" revise or amend
12 the NCP. Dkt. No. 28 at 5:14-16 (citing 33 U.S.C. § 1321(d)(3) (emphasis added).  EPA
13 further asserted that "[b]ecause Congress unambiguously provided EPA discretion under
14 Section 311(d)(3), the Court must give effect to that express intent."  *Id.* at 5:16-18 (citing
15 *Ochoa-Amaya v. Gonzales*, 479 F.3d 989, 992 (9th Cir. 2007).  EPA also explained that *In re A*
16 *Community Voice,* 878 F.3d 779 (9th Cir. 2017), a case Plaintiffs contend is "controlling"
17 because it purportedly addressed "statutory text nearly identical to the case at bar," was easily
18 distinguishable.  *Id.* at 6:3-18; Opp'n., Dkt. No. 26 at 11:5-6.  EPA pointed out that, unlike the
19 Toxic Substances Control Act provision at issue *A Community Voice*, CWA Section 1321(d)(3)
20 includes language identifying the Administrator as having discretion to determine the timing
21 and substance of revisions or amendments to the NCP. Dkt No. 28 at 6:15-18 (citing 33 U.S.C.
22 § 1321(d)(3) (providing that EPA "may, from time to time, as the [Administrator] deems
23 advisable" revise or amend the NCP).

24       In the Order denying EPA's Motion to Dismiss, the Court acknowledged the text of
25 Section 1321(d)(3) and stated that, based on the text of subsection (d)(3), the Court "would
26 agree that this language suggests discretionary, not mandatory, authority." Dkt. No. 42 at
27 7:12-14.  The Court then proceeded to consider some of the language of subsection (d)(3),
28 including the terms "may," "from time to time," and "as advisable." *Id.* at 7-8; *see also* 9:21-

10:3 (discussing lack of date-certain deadline). However, the Court did not specifically address the portion of Section 1321(d)(3) that places authority in the President (which has been delegated to the Administrator of EPA) to determine when it is advisable to amend or revise the NCP. 33 U.S.C. § 1321(d)(3).

Rather, the Court looked to Section 1321(d)'s "overall intent," which the Court found "contemplates an ongoing duty that in turn strongly suggests that the duty to update and revise the NCP 'as advisable' is not discretionary, but required." Dkt. No. 42 at 8:15-16. The Court also pointed to "[t]he facts alleged," the "purpose of the NCP," and the "intent of Congress in enacting the CWA" in finding that "Section 1321(d)(3) is properly interpreted to create a nondiscretionary obligation for the Administrator to revise or amend the NCP." *Id*. at 8, 9:6-7.

**ARGUMENT**

EPA respectfully submits that the Court erred in failing to address the agency's arguments that the plain language of Section 1321(d)(3) expressly confers discretion on the Administrator to make a determination as to the advisability and timing of amendments to the NCP.

**I. EPA presented a dispositive legal argument – that action taken under Section 1321(d)(3) is at the discretion of the EPA Administrator.**

The issue presented by EPA's motion is whether Clean Water Act Section 1321(d)(3) contains a discrete, nondiscretionary duty that is subject to a CWA citizen suit to compel performance of the alleged duty. *See* Order, Dkt. No. 42 at 1 ("At issue is whether, as a matter of law, the CWA imposes a nondiscretionary duty on the EPA to update or amend the National Contingency Plan"). As the parties and Court agree, the presence of a nondiscretionary duty is a prerequisite to bringing a CWA citizen suit. *See* Motion, Dkt. No. 16 at 4:20-28; Opp'n, Dkt. No. 26 at 9:19-20: Reply, Dkt. No. 28 at 4:5-7; Order, Dkt. No. 42 at 1 ("if so, [Plaintiffs are] allowed to bring a cause of action pursuant to the CWA's citizen-suit provision"). Without such prerequisite, Plaintiffs' First Cause of Action must be dismissed.

**II. The argument that action taken under Section 1321(d)(3) is discretionary was presented to the Court in EPA's briefing on the motion to dismiss.**

There can also be no dispute that EPA clearly asserted that the express language of Section 1321(d)(3) confers discretion *to the Administrator* to determine whether it is advisable to amend or revise the NCP and, if so, when to promulgate an amendment or revision of the NCP. *See* Dkt. No. 16 at 5:1-5; Dkt. No. 28 at 4:20-27. Indeed, the Court recognized that EPA "focuses on the plain language" of Section 1321(d)(3), and noted EPA's arguments regarding the terms "may," "from time to time," and "as the Administrator deems advisable." Dkt No. 42 at 7:7-12. Thus, EPA's briefing addressed both the timing of any action to revise or amend the NCP, and the Administrator's discretionary authority to determine whether and when to do so.

EPA's briefing also included discussion of Supreme Court caselaw explaining the difference between discretionary versus nondiscretionary duties. Dkt. No. 16 at 5-6

EPA further explained that the statutory provision at issue in *A Community Voice*, the case upon which Plaintiffs and the Court cite in concluding that Section 1321(d)(3) contains a nondiscretionary duty, was substantively different from CWA Section 1321(d)(3). EPA explained:

> Here, the text of the CWA section at issue does not include the term "as necessary" and the statu[t]e is significantly and materially different than TSCA. Section 311(d)(3) expressly states that EPA "may, from time to time, *as the [Administrator] deems advisable*" revise or amend the NCP.

Dkt. No. 28 at 6:15-18 (citing 33 U.S.C. § 1321(d)(3)) (emphasis added).

**III.   There was a failure on the part of the Court to consider EPA's argument that the express language of Section 1321(d)(3) confers discretion on the Administrator to determine how and when to revise the NCP, and that the Ninth Circuit's decision in *A Community Voice* addressed a statutory provision that did not include such language.**

In the Court's parsing of the terms contained in Section 1321(d)(3), the Court did not address the statutory terms referencing the discretionary authority of the President of the United States, which has been delegated to EPA's Administrator. The Court's decision is notable for its ample analysis of *some* of the terms of Section 1321(d)(3), such as the word "may" and "advisable," and complete absence of analysis of the statute's language regarding

the Administrator as a decisionmaker. It is well-established that courts "must interpret statutes as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statu[t]e inconsistent, meaningless, or superfluous." *Boise Cascade Corp. v. EPA*, 942 F.2d 1427, 1432 (9th Cir. 1991). *See also J.C. by & through W.P v. Cambrian Sch. Dist.*, No. 12-CV-03513-WHO, 2014 WL 229892, at *7 (N.D. Cal. Jan. 21, 2014) (Orrick, J.) (stating same), *aff'd sub nom. J.C. ex rel. W.P. v. Cambrian Sch. Dist.*, 648 F. App'x 652 (9th Cir. 2016).

EPA respectfully contends that the Court's failure led to an erroneous decision that is in conflict with other decisions of this District Court and other courts in the Ninth Circuit. *See, e.g.*, *Citizens for a Better Env't v. EPA*, No. C-90-1124-JPV, 1990 WL 269123 (N.D. Cal. Nov. 6, 1990) (finding CWA Section 1313(c)(4)(B), which provides that EPA's Administrator shall promptly publish proposed water quality standards "in any case where the Administrator determines that a revised or new standard is necessary to meet the requirements of [the CWA]," to be discretionary); *Nw. Envtl. Advocates v. U.S. E.P.A.*, 268 F. Supp. 2d 1255, 1261 (D. Or. 2003) (finding same); *Puget Soundkeeper All. v. EPA*, No. C13-1839-JCC, 2014 WL 4674393, at *2 (W.D. Wash. Sept. 18, 2014) (finding same).

Relatedly, the Court neither recognized nor addressed EPA's argument as to the textual distinction between the Toxic Substances Control Act ("TSCA") provision at issue in *A Community Voice* and CWA Section 1321(d)(3). Rather, the Court found the language of Section 1321(d)(3) "similar in wording" to a TSCA provision that made no reference to any decisionmaker. Dkt. No. 42 at 9:14. In addition, the Court discounted any difference between "as necessary" and "as advisable," Dkt. No. 42 at 7:18-19, but did not seem to recognize that Section 1321(d)(3) does not contain the term "as advisable."[1] Rather, as EPA pointed out

---

[1] The Court stated that "EPA suggests that the difference between 'as necessary' and 'as advisable' is significant." Dkt. No. 42 at 7:17-19. What EPA actually stated was that "the text of the CWA section at issue does not include the term 'as necessary' and the statu[t]e is significantly and materially different than TSCA. *Section 311(d)(3) expressly states that EPA 'may, from time to time, as the [Administrator] deems advisable' revise or amend the NCP.*" Dkt. No. 28 at 6:15-18 (citing 33 U.S.C. § 1321(d)(3)).

numerous times in its briefing, it is "as [*the Administrator*] deems advisable." *See* Dkt. No. 16 at 3:12-16, 5:2-4, 6:22-25; Dkt. No. 28 at 4:20-25, 5:14-16, 6:16-18.

## CONCLUSION

EPA respectfully submits that had the Court considered EPA's dispositive legal argument that the plain language of CWA Section 1321(d)(3) regarding the discretionary authority of the Administrator, it would have found in favor of EPA and dismissed the First Cause of Action. Because there was a failure on the part of the Court to address the arguments made by EPA in its briefing, the Court should grant EPA leave to file a motion for reconsideration of the Court's Order.

Respectfully submitted this 22st day of July 2020.

JEFFREY BOSSERT CLARK
Assistant Attorney General
Environment and Natural Resources Division

By:     /s/ *Mark Albert Rigau*
MARK ALBERT RIGAU
Senior Trial Counsel
Environmental Defense Section
Environment and Natural Resources Division
United States Department of Justice
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on July 22, 2020, I electronically filed the foregoing Notice of Motion and Motion for Leave to File Motion for Reconsideration with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel and parties of record.

Dated: July 22, 2020                              By:  /s/Mark Rigau
                                                        Mark Rigau

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALERT PROJECT/EARTH ISLAND INSTITUTE; ALASKA COMMUNITY ACTION ON TOXICS; COOK INLETKEEPER; CENTER FOR BIOLOGICAL DIVERSITY; ROSEMARY AHTUANGARUAK; AND KINDRA ARNESEN,<br><br>Plaintiffs,<br><br>vs.<br><br>ANDREW WHEELER, in his official capacity as Administrator of the United States Environmental Protection Agency; and the UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>Defendants. | Case No. 3:20-cv-00670-WHO<br><br>**[PROPOSED] ORDER** |

Based upon EPA's motion for leave to seek reconsideration of the Court's June 2, 2020 Order, Dkt. No. 42, and the files, records, and proceedings in this matter, good cause having been shown, the Court grants EPA's motion for leave to seek reconsideration. EPA shall file its motion within 14 days of the date of this order.

**IT IS SO ORDERED.**

Dated: _____

_____
William H. Orrick
United States District Judge