UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARTH ISLAND INSTITUTE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ANDREW R. WHEELER, et al.,<br><br>    Defendants. | Case No. 20-cv-00670-WHO<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 47 |

Defendants the United States Environmental Protection Agency and its Administrator, Andrew R. Wheeler (collectively, "EPA") filed a motion for leave to file a motion for reconsideration. Dkt. No. 47. The EPA argues that I failed to address dispositive arguments raised by the EPA: namely, that "the plain language of the statute [33 U.S.C. § 1321(d)(3)] grants the Administrator the discretion to determine when and how the National Contingency Plan ("NCP") should be revised." *Id.* at 1.

Civil Local Rule 7-9(b)(3) states that a party may seek leave to file a motion for reconsideration if it shows reasonable diligence and a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." The EPA argues manifest failure by the Court to consider its argument that the statute at issue contends confers discretion to the Administrator. It states that I "did not specifically address the portion of Section 1321(d)(3) that places authority in the President (which has been delegated to the Administrator of EPA) to determine when it is advisable to amend or revise the NCP. *Id.* at 4.

The exact terms of Section 1321(d)(3) were the central focus of the Order, including the terms "may," "from time to time," and "as [the Administrator] deems advisable." *See* Dkt. No. 42 ("Order") 7. While it is clear that the EPA disagrees with my interpretation, that is not grounds

for reconsideration. The EPA describes a "complete absence of analysis of the statute's language regarding the Administrator as a decisionmaker." Dkt. No. 47 at 5-6. But the EPA references only the language of Section 1321(d)(3), which was addressed in detail in the Order.

The EPA also argues that I did not address its argument as to the differences between Section 1321(d)(3) and the Toxic Substances Control Act ("TSCA") at issue in *In re A Community Voice*, 878 F.3d 779, 784 (9th Cir. 2017). However, I recognized that "[n]o court has addressed the question of whether Section 1321(d)(3) creates a non-discretionary duty to revise or amend the NCP." Order 5. I stated that the provision at issue in Community Voice was "almost identical" but also addressed the difference in terms "as advisable" and "as necessary." Id. at 7.

The EPA's arguments amount to an improper repetition of the arguments that it made in its motion to dismiss, which I rejected. Accordingly, there is no basis for granting its motion for leave to file a motion for reconsideration. Its motion is DENIED.

**IT IS SO ORDERED.**

Dated: September 1, 2020

William H. Orrick
United States District Judge