CLAUDIA POLSKY (CA Bar No. 185505)
Environmental Law Clinic
UC Berkeley School of Law
434 Law Building (North Addition)
Berkeley, CA 94720-7200
Phone: (510) 642-5398
Fax: (510) 643-4625
Email: cpolsky@law.berkeley.edu

*Counsel for Plaintiffs ALERT Project/Earth Island Institute, Alaska Community Action on Toxics, Cook Inletkeeper, Rosemary Ahtuangaruak, and Kindra Arnesen*

KRISTEN MONSELL (CA Bar No. 304793)
Center for Biological Diversity
1212 Broadway, Suite 800
Oakland, CA 94612-1810
Phone: (510) 844-7137
Fax: (510) 844-7150
Email: kmonsell@biologicaldiversity.org

*Counsel for Plaintiff Center for Biological Diversity*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EARTH ISLAND INSTITUTE/ALERT PROJECT; ALASKA COMMUNITY ACTION ON TOXICS; COOK INLETKEEPER; CENTER FOR BIOLOGICAL DIVERSITY; ROSEMARY AHTUANGARUAK; AND KINDRA ARNESEN, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL REGAN, in his official capacity as Administrator of the United States Environmental Protection Agency; and the UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, <br><br> Defendants. | Case No.: 3:20-cv-00670-WHO <br><br> **PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND COSTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** <br><br> Hearing date: None scheduled <br> Dept: [Courtroom 2, 17th floor <br> San Francisco Courthouse] <br> *Via Zoom unless otherwise indicated* <br> Judge: Hon. William H. Orrick |

# TABLE OF CONTENTS

PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND COSTS AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT ..................................... 1

ARGUMENT ................................................................................................................... 2

    I.   Plaintiffs' Application for Fees and Costs under EAJA Is Timely.............................. 2

    II.  Plaintiffs Are Entitled to a Fees and Cost Award Under EAJA and the CWA. ........... 2

          a.   Plaintiffs Are Prevailing Parties under EAJA and the CWA........................... 4

          b.   EPA's Position Was Not Substantially Justified. ............................................ 4

          c.   Plaintiffs' Hours Expended are Reasonable. .................................................. 6

          d.   The Rates Plaintiffs' Attorneys Request Are Reasonable. .............................. 8

          e.   Plaintiffs' Costs Are Reasonable. .................................................................. 10

CONCLUSION.............................................................................................................. 10

**PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND COSTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), the Clean Water Act (33 U.S.C. § 1365(d)) ("CWA"), Fed. R. Civ. P. 54(d)(2)(A) & (B), and Local Rule 54-5 as modified by Court order (Dkt. No. 76), Plaintiffs Earth Island Institute/ALERT Project, *et al.* ("Plaintiffs") respectfully submit this application for attorneys' fees and costs incurred in this case.[1] In this litigation, Plaintiffs successfully challenged (1) the Environmental Protection Agency's (EPA) failure to update its 1994 National Oil and Hazardous Substances Pollution Contingency Plan (National Contingency Plan, or NCP) to reflect current science, and (2) EPA's unreasonable and unlawful delay in finalizing a 2015 proposed rule to update the NCP. Plaintiffs are entitled to an award of reasonable attorneys' fees and costs as a result.

The factual and procedural background of the dispute is summarized in this Court's Order Granting Plaintiffs' Motion for Summary Judgment ("MSJ Order") entered August 9, 2021. Dkt. No. 73. The Court held that "EPA breached its nondiscretionary duty to issue the final rule [and] delayed unreasonably in the process . . . ." *Id.* at 1.

Accordingly, the Court ordered EPA "to take final action on the [oil-spill dispersant] listing and authorization of use provisions by May 31, 2023." *Id.* This achieved Plaintiffs' primary litigation goal—to ensure that future oil spill clean-up efforts are guided by current

---

[1] Plaintiff's claim for fees and costs is supported by both EAJA and the CWA. See 33 U.S.C. § 1365(d) ("The court . . . may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing party . . . whenever the court determines such award is appropriate."). However, because the Ninth Circuit has suggested EAJA's 30-day deadline is jurisdictional, Plaintiffs here focus on the EAJA portion of their fee application. *See Columbia Manufacturing Corp. v. N.L.R.B.*, 715 F.2d 1409, 1410 (9th Cir. 1983). Plaintiffs may supplement their fee application with CWA arguments if settlement negotiations do not bear fruit. *See* Dkt. No. 83 (parties' joint stipulation to stay briefing on this application to allow for settlement negotiations).

science. This science includes lessons learned about the negative effects of oil dispersants on human health and the environment from studies of these toxic chemicals' use in the catastrophic Exxon Valdez oil spill in 1989 and BP Deepwater Horizon wellhead blowout in 2010. Because Plaintiffs prevailed against EPA on their motion for summary judgment, and EPA's position was not substantially justified, an award of attorneys' fees and costs is appropriate.

## ARGUMENT

### I. Plaintiffs' Application for Fees and Costs under EAJA Is Timely.

A party must file an application for fees and other expenses under EAJA "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). EAJA defines "final judgment" as "a judgment that is final and not appealable." *Id*. at § 2412(d)(2)(G). This Court granted Plaintiffs' motion for summary judgment on August 9, 2021. Dkt. No. 73. The Court had previously granted Plaintiffs' motion to extend the fee application deadline under the Local Rules to comport with EAJA's statutory deadline. Dkt. No. 76.

Defendants filed a notice of appeal on October 7, 2021, Dkt. No. 79, and filed a voluntary motion to dismiss the appeal on November 9, 2021. Case No. 21-16671, Dkt. No. 7. The Ninth Circuit granted the motion and dismissed the appeal on November 19, 2021. Case No. 21-16671, Dkt. No. 8. Thus, this Application is timely, having been filed within thirty days of final judgment.

### II. Plaintiffs Are Entitled to a Fees and Cost Award Under EAJA and the CWA.

Plaintiffs are entitled to an award of attorney fees and costs under EAJA because Plaintiffs are: (1) "prevailing parties"; (2) they incurred costs of litigation against the federal government; and (3) they meet applicable size or net worth criteria. See 28 U.S.C. § 2412(d)(1)(A), (d)(2)(B). "Providing an award of fees [under EAJA] to a prevailing party represents one way to improve citizen access to courts and administrative proceedings." *Comm'r*

*v. Jean,* 496 U.S. 154, 165 n.14 (1990) (citations omitted). In enacting EAJA, Congress made

plain its intent to facilitate adjudication of matters in the public interest, asserting:

> [T]he bill rests on the premise that a party who chooses to litigate an issue against the Government is not only representing his or her own vested interest but is also refining and formulating public policy…. The bill thus recognizes that the expense of correcting error on the part of the Government should not rest wholly on the party whose willingness to litigate or adjudicate has helped to define the limits of Federal authority. Where parties are serving a public purpose, it is unfair to ask them to finance through their tax dollars unreasonable Government action and also bear the costs of vindicating their rights.

H.R. Rep. No. 96-1418, 96th Cong., 2d Sess. at 10, 1980 U.S.C.C.A.N. 4984, 4988-89.

EAJA advances this goal by providing that "a court shall award to a prevailing party

other than the United States fees and other expenses . . . incurred by that party in any civil

action . . . including proceedings for judicial review of agency action, brought by or against the

United States." 28 U.S.C. § 2412(d)(1)(A).[2] Where a party prevails against the government, an

award of fees is mandatory unless the agency can "prove that its position was substantially

justified" or that special circumstances exist so as to make such an award unjust. *Mendenhall v.

Nat'l Transp. Safety Board,* 92 F.3d 871, 874 (9th Cir. 1996); 28 U.S.C. § 2412(d)(1)(A); *see

also* 33 U.S.C. § 1365(d) (under the CWA, a court may award attorneys' fees to a prevailing

party "whenever the court determines such award is appropriate").

Here, Plaintiffs are entitled to a fee and cost award because they are prevailing parties;

the government's position was not substantially justified, and an award is appropriate; Plaintiffs'

fees and costs are reasonable; and no special circumstances exist that render an award unjust.

---

[2] Parties eligible for attorneys' fees under EAJA include "(i) an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed," and "an organization described in section 501(c)(3) of the Internal Revenue Code . . . regardless of the net worth of such organization." 28 U.S.C. § 2412 (d)(2)(B). All Plaintiffs meet these criteria. See Majumdar Decl. ¶¶ 4-5; Mauger Decl. ¶ 4; Miller Decl. ¶¶ 4-5; Monsell Decl. ¶ 2; Polsky Decl. ¶ 22.

PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND COSTS AND MPA IN SUPPORT

CASE NO. 3:20-CV-00670-WHO

a. Plaintiffs Are Prevailing Parties under EAJA and the CWA.

Plaintiffs are plainly the prevailing party within the meaning of EAJA section 2412(d). A prevailing party is "a party in whose favor a judgment is rendered" that causes "a material alteration in the legal relationship of the parties." *Klamath Siskiyou Wildlands Ctr. v. Bureau of Land Mgmt.,* 589 F.3d 1027, 1030 (9th Cir. 2009) (citations omitted). In other words, a party is considered a "prevailing" party if it "succeed[s] on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing the suit." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

In bringing this action, Plaintiffs requested that the Court order EPA to update its 1994 NCP; place it on a strict timetable for so doing; and require periodic agency status reports to the Court. That is precisely the relief the Court granted in its MSJ Order. Dkt. No. 73.

b. EPA's Position Was Not Substantially Justified.

Once a party's status as a prevailing party is established, "an award of fees under EAJA is mandatory unless the government's position is substantially justified or special circumstances exist that make an award unjust." *Love v. Reilly,* 924 F.2d 1492, 1495 (9th Cir. 1991) (citing 28 U.S.C. § 2412(d)(1)(A)).

The government bears the burden of proving that its position was substantially justified *Or. Natural Res. Council v. Marsh,* 52 F.3d 1485, 1492 (9th Cir. 1995), and must make a "strong showing" to meet that burden. *Natural Res. Def. Council v. EPA,* 703 F.2d 700, 712 (3d Cir. 1983). The government also bears the burden of demonstrating any special circumstances that might make an award unjust. *Love,* 924 F.2d at 1495. EPA cannot meet either burden here.

To determine whether an agency position was substantially justified, a court considers the reasonableness of the underlying government action and the position the government asserted in court to defend its validity. *Kali v. Bowen,* 854 F.2d 329, 332 (9th Cir. 1988). The fact that the

government's litigation position may be justified is not enough—the court also must consider the *underlying* government conduct. *Wilderness Soc'y v. Babbitt,* 5 F.3d 383, 388 (9th Cir. 1993). A finding that "either the government's underlying conduct or its litigation position was not substantially justified is sufficient to support an award of EAJA fees." *Cervantez v. Sullivan,* 739 F. Supp. 517, 521 (E.D. Cal. 1990). Further, even if some aspects of a government position might be substantially justified, the Court may still find that the overall position was not. *United States v. Marolf,* 277 F.3d 1156, 1164 (9th Cir. 2002).

Additionally, "[i]f the government's position violates the Constitution, a statute, or its own regulations, a finding that the government was substantially justified would be an abuse of discretion." *Meinhold v. U.S. Dep't of Def.,* 123 F.3d 1275, 1278 (9th Cir. 1997); *see also Contractor's Sand & Gravel v. Fed. Mine Safety & Health Review Comm'n,* 199 F.3d 1335, 1340 (D.C. Cir. 2000) ("in some cases, the standard of review on the merits is so close to the reasonableness standard applicable to determining substantial justification that a losing agency is unlikely to be able to show that its position was substantially justified.") (citation omitted).

Here, this Court held that EPA violated the CWA in failing to update the 1994 NCP where "new information" since that date revealed its deep flaws, because "the EPA has a nondiscretionary obligation to revise or amend the NCP 'in order to achieve the purpose of the CWA and the purpose of the NCP.'" MSJ Order at 5 (quoting Order Denying Motion to Dismiss (Dkt. No. 42). The Court agreed with Plaintiffs that analyses in two EPA Office of Inspector General Reports in the wake of the BP Deepwater Horizon Oil Spill, along with "the language of the subsequent Proposed Rule," evidence that "the NCP is ineffective and inefficient," violating the CWA MSJ Order at 8.

Addressing Plaintiffs' claim under the Administrative Procedure Act (APA) that EPA's delay in finalizing its 2015 proposed rule constituted agency action unlawfully delayed, the

Court held that "having chosen to consider and issue the Proposed Rule to amend Subpart J of the NCP [governing oil spill response], the EPA came under a duty to take final action on the Proposed Rule within a reasonable time." MSJ Order at 14. The Court held that "[t]he *TRAC* factors [governing analysis of claims of unreasonable delay] weigh in favor of finding that the EPA's delay is unreasonable and compelling agency action." *Id*. at 16.

Further, the Court rejected EPA's legal position as to Plaintiffs' ability to sustain concurrent CWA and APA claims, and confirmed the correctness of Plaintiffs' view, writing that that "Earth Island's CWA claim does not preclude its 'unreasonable delay' claim." *Id* at 12. Thrice wrong on the law, EPA's position cannot be substantially justified.

Further, there are no special circumstances that would make an award of fees unjust in this case. The Ninth Circuit has held that the "special circumstances" standard elaborated in *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400 (1968), "is the proper standard for determining whether an award of attorney's fees to a prevailing plaintiff is 'appropriate' under § 1365(d)." *St. John's Organic Farm v. Gem Cty. Mosquito Abatement Dist.,* 574 F.3d at 1054, 1062 (9th 2009). "Under this standard, 'the court's discretion to deny a fee award to a prevailing plaintiff is narrow,' and a denial of fees on the basis of 'special circumstances' is 'extremely rare.'" *Id.* at 1063-64 (citations omitted). Accordingly, "fee awards 'should be the rule rather than the exception.'" *Id.* at 1062 (citation omitted).

Because Plaintiffs have prevailed, EPA's litigation position was not substantially justified, and no special circumstances exist, a fee and cost award is appropriate.

c. Plaintiffs' Hours Expended are Reasonable.

Once a court determines a party's entitlement to attorneys' fees, it must determine what fee is reasonable. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Plaintiffs' attorneys' hours

here are reasonable, in that they were expended in furtherance of client litigation goals. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 561 (1986).

Plaintiffs are entitled to seek attorneys' fees "for every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest." *Moore v. Jas. H. Matthews & Co.,* 682 F.2d 830, 839 (9th Cir. 1982) (citation omitted). "The key question is whether the work was reasonably done in pursuit of the ultimate result. In other words, would a private attorney being paid by a client reasonably have engaged in similar time expenditures?" *Goos v. Nat'l Ass'n of Realtors,* 68 F.3d 1380, 1386 (D.C. Cir. 1995); *see also Woods v. Graphic Commc'ns,* 925 F.2d 1195, 1207 (9th Cir. 1991) (affirming fee award for work on case development). The number of hours that Plaintiffs' attorneys devoted to this action was prudent and reasonable given the nature of the plaintiff coalition, the novelty of the CWA issue involved, the level of opposition of the defendants, the duration of the proceeding, and Plaintiffs' work quality.

Plaintiffs have exercised substantial billing judgment to ensure that the time claimed is not excessive, duplicative, or otherwise unnecessary. Further, to ensure the overall reasonableness of their fee request, Plaintiffs have chosen not to seek compensation for: time expended by the Clinic attorney initially supervising this matter; the considerable time expended by lead attorney Claudia Polsky when acting in a partly instructional role, even when performing tasks different from or beyond the experience of law students to perform competently; the considerable time counsel Polsky expended in email or telephone communication with clients, with co-counsel, and with opposing counsel; and time expended by paralegals who assisted with document preparation. Plaintiffs have also conscientiously excluded all hours spent by attorneys on non-legal tasks, such as time spent discussing the case with the news media, and time spent on clerical tasks when paralegals were unavailable.

1    All hours *claimed* were reasonably necessary to obtain Plaintiffs' successful result, and,

2    as explained above, are far below the total number of hours *expended* by Plaintiffs' attorneys on

3    this litigation. The Ninth Circuit has explained that "the court should defer to the winning

4    lawyer's professional judgment as to how much time [s]he was required to spend on the case"

5    *Moreno v. City of Sacramento,* 534 F.3d 1106, 1112 (9th Cir. 2008).  Otherwise put: "The result

6    is what matters." *Hensley,* 461 U.S. at 435. Accordingly, "[a victorious attorney's] testimony

7    that, in fact, it took the time claimed is evidence of considerable weight on the issue of the time

8    required." *Perkins v. Mobile Hous. Bd.,* 847 F.2d 735, 738 (11th Cir. 1988). Plaintiffs' attorneys

9    have established that all of the time claimed was reasonably necessary for the successful

10   prosecution of this case. See Decls. Monsell and Polsky.

11        Finally, this Court should fully compensate Plaintiffs for the time their attorneys spent

12   preparing this fee application. Time expended by prevailing parties on their fee application is

13   fully compensable under EAJA. *See Jean,* 496 U.S. at 164–65; *Love,* 924 F.2d at 1497.

14        d. <u>The Rates Plaintiffs' Attorneys Request Are Reasonable</u>.

15        EAJA establishes that rates "shall be based upon prevailing market rates for the kind and

16   quality of the services furnished," with a limit of $125 per hour, *unless* a court "determines that

17   an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. §

18   2412(d)(2)(A)(ii). "[T]he limited availability of qualified attorneys" is one special factor

19   that justifies a higher rate. *See id*. The Ninth Circuit has recognized environmental litigation as

20   an area in which enhanced fees under EAJA can be appropriate. *Love,* 924 F.2d at 1496.

21        Here, the Court should adjust Plaintiffs' attorneys' rates to account for the distinctive

22   knowledge and skills developed by the participating attorneys through a practice specialty

23   needed in this litigation and not available elsewhere at the statutory rate. *See League for Coastal*

24   *Prot. v. Kempthorne,* No. C-05-0991-CW, 2006 U.S. Dist. LEXIS 94530, at *16-17 (N.D. Cal.

Dec. 22, 2006) (awarding market-rate fees in a successful NEPA challenge); *Greenpeace v. Stewart,* No. 17-35945, 2020 U.S. App. LEXIS 15577, at *20 (9th Cir. May 12, 2020) (same). The attorneys involved in this case have extensive experience with environmental litigation and distinctive knowledge of the CWA and APA, and issues of toxic pollution and toxic exposures specifically.

Claims under the CWA and APA are, as here, frequently complex in nature. This case not only required deep understanding of these laws and their intersection, but also multiple factual domains, encompassing marine biology and ecology, toxicology, and environmental health science. Plaintiffs' attorneys were able to conduct their work on this matter, and ultimately, to win a dispositive motion with substantial benefits for the public, due to depth of their specific experience and proficiency with relevant legal and non-legal subject matter. For reasons of attorney availability, Plaintiffs' attorneys' expertise, and (as described below) market rates in the San Francisco Bay area, Plaintiffs' requested hours and rates are reasonable.

The relevant community in this case is the San Francisco Bay area, because this is where the Court sits. *Gates v. Deukmejian,* 987 F.2d 1392, 1405 (9th Cir. 1992) (noting that "the general rule is that the rates of attorneys practicing in the forum district . . . are used" (citation omitted)); *see also Greenpeace,* 2020 U.S. App. LEXIS 15577, at *4 (same). *See also Kempf v. Barrett Bus. Servs.,* No. C-06-3161 SC, 2007 U.S. Dist. LEXIS 89447, *13-14 (N.D. Cal. Nov. 20, 2007), *aff'd,* 336 Fed. Appx. 658, 2009 U.S. App. LEXIS 13334 (9th Cir. 2009) (finding attorneys' requested fees reasonable when compared to rates in the Laffey Matrix); Decl. Monsell ¶¶ 11-12 (discussing rates in other cases).

Pursuant to L.R. 54-5, a summary of the time spent by each person follows. *See also* Decl. Monsell, and Decl. Polsky (identifying eleven law clerks by name at Exh. 1).

| Name (law school graduation) | Hourly Rate | Total Hours | Fees Incurred |
|---|---|---|---|
| **Claudia Polsky** (1996) | $899 | 51.5 | $ 46,350.00 |
| **Kristen Monsell** (2009) | $661 | 79.9 | $ 52,813.90 |
| **Student law clerks** (N/A) | $203 | 2290.5 | $ 467,411.50 |
| **TOTAL** | | **2421.9** | **$ 566,575.40** |

e. Plaintiffs' Costs Are Reasonable.

EAJA also authorizes recovery of "costs." 28 U.S.C. § 2412(a), (b). The Ninth Circuit interprets costs under EAJA to include "expenses normally billed to a client." *Int'l Woodworkers, Local 3-98 v. Donovan,* 792 F.2d 762, 767 (9th Cir. 1985). Here, Plaintiffs seek only **$498.10** in costs, for court fees and one argument transcript. Polsky Decl. ¶ 26 & Exh. 4.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that pursuant to EAJA, 28 U.S.C. § 2412(d), and CWA 33 U.S.C. § 1365(d), this Court enter an order awarding Plaintiffs $566,575.40 in attorneys' fees and $498.10 in costs, for a total award of **$567,073.50**, which includes compensation for the time Plaintiffs' counsel spent preparing this fee application and accompanying documentation.

A proposed order granting this application is submitted herewith.

DATED: December 20, 2021        Respectfully submitted,

CLAUDIA POLSKY
(CA Bar No. 185505)
ENVIRONMENTAL LAW CLINIC
UC Berkeley School of Law
Law Building 434
Berkeley, CA 94720

Phone: (510) 642-5398
Fax: (510) -  643-4625
cpolsky@clinical.law.berkeley.edu

*Attorney for Earth Island Institute/ALERT Project,
Cook Inletkeep, Alaska Community Action on
Toxics, Rosemary Ahtuanaruak, and Kindra
Arnesen*

/s/ Kristen Monsell
KRISTEN MONSELL
(CA Bar No. 304793)
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, St. #800
Oakland, CA 94612
Phone: (510) 844-7100
Fax: (510) 844-7150
kmonsell@biologicaldiversity.org

*Attorney for Plaintiff Center for Biological
Diversity*

## ATTESTATION

I, Kristen Monsell, am the ECF user whose identification and password are being used

to file this APPLICATION FOR PLAINTIFFS' ATTORNEYS' FEES AND COSTS. In

compliance with L.R. 5-1(i), I attest that the other signatory has concurred in this filing.

DATED: December 20, 2021                    /s/ Kristen Monsell
                                             KRISTEN MONSELL